**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

TERRI NICHOLS, individually and on
behalf of all others similarly situated,

                  Plaintiff,

v.

LUMICO LIFE INSURANCE COMPANY,

                  Defendant.
-----------------------------------------------------------x

**Case No.**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Terri Nichols ("Plaintiff") brings this action on behalf of herself and all others similarly situated, alleging the following on information and belief against Lumico Life Insurance Company ("Lumico" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an artificial or prerecorded voice to the cellular and landline telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from calling persons on residential telephone numbers listed on the National Do Not Call List; and (3) obtain redress for all persons injured by its conduct.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because it resides in this District.

3. Venue is proper in this District because Defendant resides in this District.

1

**PARTIES**

4. Plaintiff Terri Nichols, at all times mentioned herein, has resided in and has been a citizen of the State of California.

5. Defendant Lumico Life Insurance Company is a corporation organized under the laws of Missouri, with a principal place of business at 175 King Street, Armonk, New York, 10504. Defendant conducts business in this District and throughout the United States.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6. Plaintiff's residential phone number has been registered on the National Do Not Call Registry since March 30, 2022.

7. On May 11, 2022, Defendant and/or its agent called Plaintiff's residential phone from the number (757) 712-9124. This call was made using an artificial and/or prerecorded voice. When Plaintiff answered the phone, an artificial avatar began asking her a series of questions about life insurance policies, her age, and her health, among others. Plaintiff was then transferred to a live agent, David Harrison, who is a senior consultant with Lumico Life Insurance Company. Defendant made this telemarketing call for the purpose of selling life insurance policies.

8. On May 12, 2022, Defendant and/or its agent called Plaintiff's residential phone from the number (757) 750-0810. This call was made using an artificial and/or prerecorded voice. When Plaintiff answered the phone, she was greeted by an artificial avatar. Shortly thereafter, Plaintiff was transferred to a live agent, Shawn Parker, for burial benefits with Lumico Life Insurance Company. Defendant made this telemarketing call for the purpose of selling life insurance policies.

9. Defendant and/or its agent placed these calls using an artificial or prerecorded voice without Ms. Nichols' prior consent.

10. Prior to the calls at issue in this action, Ms. Nichols had not had any contact with

Defendant nor used any of Defendant's services.  She has never consented in writing, or otherwise, to receive prerecorded telephone calls from Defendant and/or its agent.

11. Defendant and/or its agent knowingly made (and continues to make) prerecorded calls to the telephones of Plaintiff and other consumers without the prior express written consent of the call recipients.

12. In making these calls, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

13. **Class Definitions**: Plaintiff brings this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following Classes:

> **National Telemarketing Class**: All persons within the United States who (a) received a telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendant and/or its agent; (c) in which an artificial or prerecorded voice was played; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").
>
> **National DNC Class:** All persons in the United States whose numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendant or its agents to their residential telephone number thirty-one (31) days or more after the telephone number was listed on the national do-not-call registry during the Class Period.

14. Plaintiff represents, and is a member of, the proposed Class.  Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

15. **Numerosity.**  Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so

3

numerous that individual joinder would be impracticable.

16.     **Existence and predominance of common questions of law and fact.**  Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

17.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

18.     The proposed Class can be identified easily through records maintained by Defendant.

19.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class.  Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant and/or its agent made telephone calls to Plaintiff and class members using an artificial or prerecorded voice without their prior express consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

20.     **Typicality.**  Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received pre-recorded calls on their telephones without their prior express written consent.  Plaintiff will fairly and adequately represent and protect the interests of

the proposed class, and has no interests which are antagonistic to any member of the proposed class.

21. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed Class.

22. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

23. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

24. Classwide relief is essential to compel Defendant to comply with the TCPA.

25. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

26. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

27. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

28. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

29. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

33. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the Classes against Defendant.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

36. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each

and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

- a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
- b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;
- c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;
- d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;
- e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;
- f. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 10, 2022    Respectfully submitted,

By: ___/s/ *Yitzchak Kopel*___
Yitzchak Kopel

**BURSOR & FISHER, P.A**.
Yitchak Kopel
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: ykopel@bursor.com

*Counsel for Plaintiff*